1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
7                                     AT SEATTLE

8    DANNY H. BRANDT,                          )
                                               )
9              Plaintiff,                       )          CASE NO.     C07-943-JLR-JPD
                                               )
10         v.                                   )
                                               )
11   JOSEPH LEHMAN, et al.,                     )          REPORT AND RECOMMENDATION
                                               )
12             Defendants.                      )
     _____)

13                                      INTRODUCTION

14         This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is currently

15   incarcerated at the Monroe Correctional Complex - Twin Rivers Unit.  He brings this action to allege

16   violations of his constitutional rights during the course of his incarceration at the Monroe Correctional

17   Complex-Minimum Security Unit ("MCC-MSU")  from September 2003 to December 2004.  (Dkt.

18   No. 4 at 4-5).  Plaintiff identifies the following individuals as defendants in his complaint: Joseph

19   Lehman, former Secretary of the Washington Department of Corrections; Gary Fleming, former

20   Superintendent of the Monroe Correctional Complex; and Jon Schaller, Custody Unit Supervisor at

21   MCC-MSU.

22         Defendant Schaller is the only one of the three named defendants to be served in this action.

23   The service packets mailed by the Court to Joseph Lehman and Gary Fleming were returned as

24   undeliverable.  (Dkt. No. 6 & 7).  Defendant Schaller now moves to dismiss plaintiff's complaint.

25   (Dkt. No. 10).  Plaintiff opposes the motion.  This Court, having reviewed plaintiff's complaint,

26   defendant Schaller's motion to dismiss, plaintiff's opposition thereto, and the balance of the record,

     REPORT AND RECOMMENDATION
     PAGE - 1

1    concludes that the motion to dismiss should be granted and this action should be dismissed without

2    prejudice.[1]

3                                              DISCUSSION

4          Plaintiff asserts in his civil rights complaint that while incarcerated at the MCC-MSU, his

5    Eighth Amendment right to be free from cruel and unusual punishment was violated when he was

6    exposed to heavy concentrations of Environmental Tobacco Smoke ("ETS").  This claim is identical

7    to a claim raised by plaintiff in a previous civil rights action, except that the previous action covered an

8    earlier period of time.  *See Brandt v. Lehman*, C07-942-RSL-JPD (W.D. Wash.).  The previous action

9    was dismissed by the Court as barred by the statute of limitations on March 10, 2008.  (Dkt. No. 34 in

10   C07-942-RSL).

11         In the instant action, plaintiff contends that Joseph Lehman authorized the sale and use of

12   smoking tobacco within MCC-MSU, but failed to provide non-smoking housing to protect non-

13   smokers from exposure to ETS and failed to warn non-smoking inmates of the dangers of exposure to

14   ETS.  (Dkt. No. 4 at 4-5).  Plaintiff further contends that Gary Fleming and Jon Schaller failed to

15   segregate non-smokers from smokers, and also failed to warn non-smoking inmates of the dangers of

16   exposure to ETS.  Plaintiff alleges that these events occurred between September 2003 and December

17   2004.  (*Id*. at 5).

18         Defendant argues in his motion to dismiss that plaintiff's civil rights complaint is subject to

19   dismissal because it was not filed within the applicable statute of limitations, because plaintiff failed to

20   exhaust his administrative remedies, and because plaintiff failed to demonstrate he suffered a

21   constitutional violation.  (Dkt. No. 10 at 2).  In addition, defendant asserts that he is entitled to

22   qualified immunity.  (*Id*.)  The Court need address only the argument that plaintiff failed to exhaust his

23

24         [1] Defendant Schaller's motion to dismiss contains a request that the Court dismiss plaintiff's
     claims against all named defendants if it concludes it is appropriate to dismiss the claims against
25   defendant Schaller.  (Dkt. No. 10 at 1).  However, because Joseph Lehman and Gary Fleming have
     never been served, they are not deemed defendants in this action and the Court will not adjudicate any
26   claims asserted against these individuals.

     REPORT AND RECOMMENDATION
     PAGE - 2

1   administrative remedies.

2       The Court may grant a motion to dismiss "if it appears beyond doubt that the plaintiff can

3   prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717

4   F.2d 1295, 1300 (9th Cir. 1983).  In reviewing a motion to dismiss, the Court must treat plaintiff's

5   allegations as true and construe those allegations liberally in favor of plaintiff.  *See Shermsan v.*

6   *Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  When the issue is whether plaintiff has exhausted

7   administrative remedies, the Court may consider documents beyond the pleadings.  *See Wyatt v.*

8   *Terhune*, 315 F.2d 1108, 119-20 (9th Cir. 2003).

9       Defendant argues that plaintiff has failed to exhaust his administrative remedies, as required by

10  42 U.S.C. § 1997e(a), which was enacted in 1996 as part of the Prison Litigation Reform Act, Pub. L.

11  No. 104-134, 110 Stat. 1321.  Section 1997e(a) provides:

12      No action shall be brought with respect to prison conditions under section 1983 of
        this title, or any other Federal law, by a prisoner confined in any jail, prison, or
13      other correctional facility until such administrative remedies as are available are
        exhausted.

14
     42 U.S.C. § 1997e(a).

15
        The Supreme Court has interpreted this statute on several occasions.   In *Porter v. Nussle*,

16
    122 S. Ct. 983, 988 (2002), the Court traced the evolution of the exhaustion requirement and held

17
    that exhaustion is now a precondition for a prisoner to bring an action pursuant to § 1983.  The Court

18
    found that Congress's chief goal in enacting the statute was "to reduce the quantity and improve the

19
    quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity

20
    to address complaints internally before allowing the initiation of a federal case."  (*Id*.)  In *Woodford v.*

21
    *Ngo*, 126 S. Ct. 2378 (2006), the Court again cited, as the main reason behind exhaustion, the need to

22
    afford prison officials the opportunity to address complaints internally.  *Id.* at 2387.  The Court went

23
    on to hold that in order to give prison officials a fair opportunity to resolve a complaint, an inmate

24
    must bring that complaint in a timely manner to the officials' attention.  *Id.* at 2388.

25
        Here, defendant contends that plaintiff filed initial grievances concerning the hazards of ETS,

26

REPORT AND RECOMMENDATION
PAGE - 3

1   but he never appealed those grievances to the next level of review after they were denied.  (Dkt. No.

2   10 at 8).  In his response, plaintiff concedes that "[d]efendants [sic] assertion that the plaintiff did not

3   appeal his grievance denial is correct . . . ."  (Dkt. No. 19 at 10).  However, plaintiff argues that he

4   should be excused from technical compliance with the exhaustion rule because he believed that an

5   appeal within the Washington Department of Corrections would be futile and he therefore filed an

6   appeal with the Washington Division of Risk Management.  (*Id.* at 10-11).

7          Plaintiff's argument that he should be excused for failing to comply with the exhaustion

8   requirement because exhaustion would be futile has been specifically addressed by the Supreme

9   Court.  In *Booth v. Churner*, 532 U.S. 731 (2001), the Court stated:  "[W]e stress the point . . . that

10  *we will not read futility or other exceptions into statutory exhaustion requirements* where Congress

11  has provided otherwise.  Here, we hold only that Congress has provided in § 1997e(a) that *an inmate*

12  *must exhaust irrespective of the forms of relief sought and offered through administrative avenues.*"

13  *Id.* at 741 n.6 (emphasis added).

14         Thus, plaintiff's argument is foreclosed by Supreme Court precedent.  Accordingly, his

15  admitted failure to exhaust administrative remedies may not be excused and defendant's motion to

16  dismiss should be granted.[2]  Because plaintiff's complaint fails to state a claim upon which relief may

17  be granted, this dismissal should count as a strike under 28 U.S.C. § 1915(g).  A proposed Order

18  accompanies this Report and Recommendation.

19         DATED this 13th day of March, 2008.

20

21                                              *James P. Donohue*

22                                              JAMES P. DONOHUE
                                                United States Magistrate Judge

23

24

25
      [2]  In addition, plaintiff's motion to amend his complaint (Dkt. No. 11) should be denied as the
26  amended complaint varies little from the original complaint and does not offer any additional evidence
    that plaintiff exhausted his claim.

REPORT AND RECOMMENDATION
PAGE - 4